EFCO CORP. f/k/a Economy Forms
Corporation, Appellee,

v.

NORMAN HIGHWAY
CONSTRUCTORS,
INC., Appellant.

No. 98–194.

Supreme Court of Iowa.

Jan. 20, 2000.

Rehearing denied March 13, 2000.[†]

Rod Powell of Powell Law Firm, P.C.,
Norwalk, for appellant.

† LARSON, J., taking no part.

David L. Charles and David K. Basler of Belin Lamson McCormick Zumbach Flynn, A P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., CARTER, NEUMAN, and CADY, JJ., and HARRIS,* S.J.

CARTER, Justice.

Defendant, Norman Highway Constructors, Inc. (Norman), appeals from an adverse judgment in favor of plaintiff, EFCO Corp. (formerly known as Economy Forms Corporation) (EFCO), entered following a jury trial. The action sought recovery of payments allegedly owed for the leasing of concrete forming equipment used in a construction project in Texas. Norman filed a counterclaim alleging several theories of recovery. Norman contends the district court erred in (1) exercising in personam jurisdiction over this Texas corporation, (2) failing to instruct the jury on a theory of negligent misrepresentation urged in its counterclaim, and (3) failing to deny EFCO's claim for attorney fees and expenses. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

On November 16, 1995, Norman entered into a written contract with EFCO for the lease of concrete forming equipment. Norman agreed to pay a certain sum as rental and, pursuant to the written agreement, those payments were to be made to EFCO in the State of Iowa. A dispute later arose between EFCO and Norman with respect to how much Norman owed EFCO under the contract. On April 3, 1997, Norman commenced an action against EFCO in a Texas court alleging fraud, breach of contract, and breach of express and implied warranties by EFCO. One and a half hours after Norman's suit was filed, EFCO filed an action against it in the Iowa District Court to recover for lease payments allegedly due and unpaid.

Norman moved to dismiss EFCO's action on the basis that the Iowa court lacked in personam jurisdiction over this foreign corporation. It also sought, as an alternative remedy, an order of the Iowa court abating the Iowa action in deference to Norman's pursuit of its action in Texas. The district court upheld the in personam jurisdiction of this state's courts based on a choice-of-forum agreement contained in the contract. In addition, it refused to abate the Iowa action until the Texas suit had been concluded.

Norman counterclaimed against EFCO, alleging breach of express and implied warranties, fraud, and negligent misrepresentation. At the trial of all claims presented, Norman withdrew its claims of breach of express and implied warranty. The court dismissed Norman's negligent-misrepresentation claim on the basis that EFCO was not in the business of providing information. The jury rejected Norman's fraud claim and found in favor of EFCO with respect to its claim for unpaid lease payments for the concrete-forming equipment. Judgment was entered in EFCO's favor for the sum of $96,916. Later, the court added an additional $14,816 to the judgment as reimbursement for EFCO's attorney fees and litigation expenses. Other facts that bear upon our decision will be considered in our discussion of the legal issues presented.

## I. The Challenge to the In Personam Jurisdiction of the Iowa Court.

Norman urges that the Iowa court lacked in personam jurisdiction over it because it is a Texas corporation not doing business in this state and lacking the requisite minimum contacts to satisfy the due process considerations relevant to personal jurisdiction under the Fourteenth Amendment to the Federal Constitution. It also urges that in personam jurisdiction may not be exercised over this Texas corporation because no statute exists to authorize the court's assumption of jurisdiction.

---

* Senior judge assigned by order pursuant to

Iowa Code section 602.9206 (1999).

In support of these contentions, Norman relies on the two-step analysis that this court applied in *Martin v. Ju–Li Corp.*, 332 N.W.2d 871, 874 (Iowa 1983), and *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980), requiring a determination of (1) whether a statute authorizes assumption of jurisdiction over the nonresident defendant, and (2) whether the nonresident defendant has the requisite minimum contacts such that the exercise of jurisdiction meets the requirements of due process. *Martin*, 332 N.W.2d at 874. In support of the latter contention, Norman points out that EFCO solicited the lease agreement in Texas through the efforts of employees of EFCO's office in Texas. All of the leased equipment was at all times located in Texas, and Norman was advised to contact the Texas regional office of EFCO with respect to all dealings with the company other than tender of the lease payments, which were to be made in Iowa.

■ We find that neither elements of the two-step analysis suggested in *Martin* and *Larsen* need be applied in our review of the present action because the basis for the district court's assumption of in personam jurisdiction was consent. The district court relied on a choice-of-forum clause in the contract between the parties that provided:

> Any action in regard to this agreement or arising out of its terms and conditions may be instituted and litigated in the Iowa District Court for Polk County, Iowa. Customer consents to the jurisdiction of such court and agrees that service of process as provided by the statutes and rules of procedure of Iowa ... shall be sufficient.

With respect to the due process implications of choice-of-forum clauses, the Supreme Court has held that "it is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311,

315–16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354, 358 (1964). The basis for this conclusion is explained as follows in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982):

> The requirement that a court have personal jurisdiction flows not from [limitation on a court's power], but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty....

> Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.

*Insurance Corp. of Ireland*, 456 U.S. at 702–03, 102 S.Ct. at 2104–05, 72 L.Ed.2d at 501–02 (citations omitted).

Norman urges that this court has categorically rejected the application of choice-of-forum clauses in *Davenport Machine & Foundry Co. v. Adolph Coors Co.*, 314 N.W.2d 432 (Iowa 1982). Our reading of that decision suggests that our disapproval of such clauses was only with respect to a denial of personal jurisdiction to a court that clearly had jurisdiction based on the activities of the defendant. We made that clear by stating the issue as follows:

> The issue [was] not whether courts in [the state chosen in the contract] had jurisdiction under the clause; it [was] whether the clause [deprived] other courts of jurisdiction they would otherwise possess.

*Davenport Mach. & Foundry Co.*, 314 N.W.2d at 435. This is not a case in which a choice-of-forum clause has been used to deprive a court of jurisdiction that it otherwise has. It is a case of consent to jurisdiction. Such consent has long been recognized under Iowa law. *Joseph L. Wilmotte & Co. v. Rosenman Bros.*, 258 N.W.2d 317, 329 (Iowa 1977); *Oakes v.*

*Oakes,* 255 Iowa 1315, 1318,. 125 N.W.2d 835, 838 (1964).

Norman seeks to avoid the consequences of the choice-of-forum clause by asserting that this provision of the agreement was a contract of adhesion. In support of this claim, it urges that the clause in question was contained on the reverse side of the form contract on which no signature lines appeared. In addition, the officer of the company executing the agreement testified that he had not read the choice-of-forum clause. We believe that this evidence is insufficient to establish the invalidity of the choice-of-forum clause as a matter of law. Consequently, the issue was one of fact for the district court to resolve in ruling on the motion to dismiss.[1] The district court did not err in assuming in personam jurisdiction over Norman.

## II. *Whether the Iowa Court Should Have Abated the Iowa Action as a Matter of Comity to Abide the Result of the Texas Litigation.*

■ We next consider Norman's claim that the Iowa court should have abated the action before it as a matter of comity until such time as the Texas action had been tried to conclusion. In support of this contention, it relies on a practice employed by some federal courts that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *See Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 948 (5th Cir.1997). A reading of that case and similar federal cases suggests that this is a rule of comity to be applied between two courts of the same sovereignty. *See Compagnie des Bauxites de Guinea v. Insurance Co. of N. Am.,* 651 F.2d 877, 887 (3d Cir.1981) (first-to-file rule was never meant to apply when the two courts involved were not courts of the same sov-

ereignty). Under the circumstances of this case in which separate actions in different states were filed within one and one-half hours of each other, we are convinced that comity did not require the Iowa court to defer to the Texas court.

## III. *Whether District Court Should Have Submitted Claim of Negligent Misrepresentation Based on Texas Law.*

■ The district court dismissed Norman's claim of negligent misrepresentation based on the ground that EFCO was not in the business of supplying information. That ruling was in accordance with Iowa law. Norman urges that Texas law should govern the transaction and that under Texas jurisprudence to support a claim for negligent misrepresentation it is only necessary to show that the actor had a pecuniary interest in the transaction.

■ The parties did not stipulate concerning the applicable Texas law. Although the district court referred to Texas decisional law, it found that Iowa law was applicable in any event. Given this state of the record, even if Texas law is dispositive of the rights of the parties, which we do not decide, Norman has failed to provide the necessary pleading and proof that is required for consideration of foreign law. Iowa Code section 622.61 (1997) sets forth the method for proving foreign decisional law as a fact. It is not a matter of which an Iowa court may take judicial notice. *In re Allen's Estate,* 239 N.W.2d 163, 168–69 (Iowa 1976). As a result of Norman's failure to prove Texas law in accordance with the established procedures, it is presumed that the foreign law is the same as the Iowa law. *Id.* at 169; *Zeman v. Canton State Bank,* 211 N.W.2d 346, 349 (Iowa 1973). Norman does not dispute that under Iowa law it must be

---

1. This motion to dismiss was pursuant to Iowa Rule of Civil Procedure 104(a) and, as such, is factually tried in the same manner as was the now-abolished special appearance. *Moyer v. City of Des Moines,* 505 N.W.2d 191,

193 (Iowa 1993). The district court's finding of fact in such matters has the effect of a jury verdict. *Johnson v. Aeroil Prods. Co.,* 255 Iowa 931, 933, 124 N.W.2d 425, 426 (1963).

shown that the actor was in the business of supplying information. Norman's claim of error in not applying Texas law may not be made the basis for reversing the judgment.

## IV. *The District Court's Award of Attorney Fees and Expenses.*

 The contract between EFCO and Norman provided:

> Customer agrees further, in case of its default to pay all amounts due hereunder plus interest and any and all charges and expenses, including reasonable attorney fees, incurred by EFCO in taking possession of said property and in collecting amounts due hereunder.

Under Iowa Code section 625.22, an express provision in a contract between parties authorizing the payment of attorney fees and litigation expenses is an authorization to a court in an action based on that contract to add attorney fees and litigation expenses to a favorable judgment. The determination of the amount of such fees and expenses is normally a matter entrusted to the discretion of the district court. *Berryhill v. Hatt*, 428 N.W.2d 647, 657 (Iowa 1988). In the present case, the district court awarded EFCO only those fees related to the trial of the Iowa matter plus its expenses in bringing witnesses to Iowa for purposes of appearing at that trial. The nature of the litigation was such that EFCO was forced to litigate the validity of Norman's counterclaim in order to establish the validity of its own claim. The amounts allowed were clearly within the district court's discretion and should not be overturned.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**