827 So.2d 1038 (2002)
BOVIS HOMES, INC., a Florida corporation, Appellant,
v.
Gary CHMIELEWSKI and Kimberly Chmielewski, Appellees.
No. 2D02-1807.
District Court of Appeal of Florida, Second District.
October 9, 2002.
*1039 James E. Shepherd of Pohl & Short, P.A. Winter Park, for Appellant.
David L. Boyette of Ruden, McClosky, Smith, Schuster & Russell, P.A., Sarasota, for Appellees.
COVINGTON, Judge.
In this appeal, Bovis Homes, Inc., challenges the trial court's order denying its motion to dismiss on the basis of improper venue. At issue is the interpretation and application of the venue selection clause contained in the contract between Bovis Homes and Mr. and Mrs. Chmielewski. The trial court found that the venue selection clause is ambiguous and therefore denied Bovis Homes' motion to dismiss. Because we conclude that the venue selection clause is not ambiguous, we reverse and remand.
The parties entered into a contract for the purchase of a house built by Bovis Homes. The purchase agreement contained the following provision: "Venue for any action based upon or arising out of this contract or any matters herein shall be in a court of competent jurisdiction in the county or the district where the principal place of business of the Seller is located."
This provision is clearany suit arising out of the contract must be brought where Bovis Homes' principal place of business is located. The Chmielewskis filed suit in Sarasota County, which they assert is Bovis Homes' principal place of business. The Chmielewskis submitted an affidavit stating that they met with the Bovis Homes' representative in Sarasota County, the home was built in Sarasota County, and they were never told that Bovis Homes had another office outside of Sarasota.
Bovis Homes filed a motion to dismiss alleging that its principal place of business is in Seminole County. Bovis Homes asserted that the sales agreement listed the Seminole County address, as did the business cards of the Bovis Homes' representative. Additionally, Bovis Homes submitted an affidavit from an employee which stated that the principal place of business is located in Seminole County.
After a hearing on the motion to dismiss, the trial court found that the forum selection clause was ambiguous. Because the issue presented in this case involves the interpretation of the contract, it is reviewable under the de novo standard. Gen. Home Dev. Corp. v. Kwirant, 819 So.2d 255 (Fla. 2d DCA 2002); Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627 (Fla. 1st DCA 1999); Inter-Active Servs., Inc. v. Heathrow Master Ass'n, 721 So.2d 433 (Fla. 5th DCA 1998).
We disagree with the trial court's interpretation of the forum selection clause. The plain language of the provision provides that venue for any action arising out of the contract lies in the county or district where the principal place of business is located. The dispute in this case appears to be the location of Bovis Homes' principal place of business.
We further concludeand the Chmielewskis concedethat the mandatory venue selection provision of the contract applies to the Chmielewskis' fraudulent misrepresentation claim as well. See Mgmt. Computer, 743 So.2d at 631; see also Bus. Aide Computers, Inc. v. Cent. Fla. Mack Trucks, Inc., 432 So.2d 681, 682 (Fla. 5th DCA 1983).
Because the trial court found the venue provision ambiguous, it did not make a *1040 finding as to where Bovis Homes' principal place of business is located. The trial court should resolve this factual dispute. Therefore, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and GREEN, JJ., Concur.