RAMIREZ, J.
Satelites Mexicanos, S.A. de C.V. (“Satamex”) appeals from a non-final order which denied in part its motion to dismiss appellee Turn Key, S.A. de C.V.’s complaint based upon contractual venue/forum selection clauses. We reverse because the forum selection clauses in this case are mandatory and unambiguous.
Satmex owns and operates three orbit satellites that provide regional and continental satellite coverage throughout the United States and elsewhere. Turn Key is an independent contractor that leased satellite space capacity from Satmex and then sub-leased the satellite space capacity to defendants Gilat Latin America, Inc. and Spacenet, Inc., among others. Both Sat-mex and Turn Key are Mexican corporations each with its principal place of business in Mexico.
Satmex and Turn Key entered into two contracts. On October 1, 1998, they en *1069 tered into an agreement written in Spanish, Contract No. 177-1, for satellite capacity on two Satmex satellites. The contract contains a forum selection clause, Clause 25, for which the parties submitted various English translations. On November 15, 1999, Satmex and Turn Key entered into a second agreement written in English, Contract No. 307-1, for the space capacity of another satellite. This contract also contained a forum selection clause, Clause 24. Both contracts were to remain in force contemporaneously and contained a list of Turn Key’s customers with whom Satmex was permitted to contract under certain conditions. Gilat and Spacenet appeared on the list.
On August 12, 2002, Turn Key brought suit against Satmex, Gilat and Spacenet for tortious interference, conspiracy, and breach of contract. Turn Key also brought a claim for unjust enrichment against Satmex.[1] Turn Key alleged that Satmex, Gilat and Spacenet agreed to deal directly with each other to lease satellite space capacity and to exclude Turn Key from that arrangement. This would allow Satmex to control Turn Key’s customers, including Gilat and Spacenet, and allow Turn Key’s customers to pay less for the same service that Turn Key provided.
Satmex moved to dismiss Turn Key’s complaint based, in part, on the forum selection clauses in the contracts. On January 14, 2003, the trial court granted Sat-mex’s motion as to the breach of contract and unjust enrichment claims and denied the motion as to the remaining counts of tortious interference and conspiracy. The trial court found that the contract forum selection clauses mandated that the breach of contract and unjust enrichment claims be brought in Mexico. The court also found that Turn Key’s claims for tortious interference and conspiracy were sufficiently independent from the contract to allow the case to proceed against Satmex, Gilat and Spacenet. We agree that the trial court properly dismissed the breach of contract and unjust enrichment claims, but disagree that the tort claims should be tried in Florida.
Turn Key has not shown that the forum selection clauses are unreasonable or unjust. See Manrique v. Fabbri, 493 So.2d 437, 438-39 (Fla.1986); Copacabana Records, Inc. v. WEA Latina, Inc., 791 So.2d 1179, 1180 (Fla. 3d DCA 2001) (forum selection clauses should be enforced unless there is a showing that enforcement would be unreasonable or unjust). We conclude that the forum selection clauses are unambiguous and thus mandatory.
As a defense to the tort claims, Satmex argues that the contracts authorized it to deal directly with Gilat and the other clients. This issue cannot be resolved without resorting to the contracts. See, e.g., Bovis Homes, Inc. v. Chmielewski, 827 So.2d 1038, 1039-40 (Fla. 2d DCA 2002). We therefore find that the contract and tort claims are intertwined and should all be litigated in Mexico.
We thus reverse with directions to dismiss all of the pending claims against Sat-mex because the forum selection clauses expressly stipulate that jurisdiction be had in Mexico City.

. Satmex filed two suits against Turn Key in Mexico, prior to the commencement of this action, seeking to recover payment on certain promissory notes which Turn Key executed under the contracts and for services Turn Key received but failed to pay for under the contracts.