**LIBERTY BANK, F.S.B.,**
Plaintiff–Appellee,

v.

**BEST LITHO, INC. and ED Garcia,**
et al., Defendants–Appellants.

No. 05–0791.

Court of Appeals of Iowa.

April 25, 2007.

Andrew B. Howie and Michael P. Mallaney of Hudson, Mallaney & Shindler, P.C., West Des Moines, for appellants.

Bernard L. Spaeth, Thomas H. Burke, and Nicholas Cooper of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Heard by SACKETT, C.J., and VOGEL and MILLER, JJ.

MILLER, J.

Best Litho, Inc. and Ed Garcia, individually, Air Filter Engineers, Inc., DesignPoint, Inc. and Les M. McCoy, individually, and Davis Delivery Service, Inc. (collectively "renters") appeal, following grants of interlocutory appeals, from the district court's rulings denying their motions for summary judgment that asserted a lack of personal jurisdiction. We affirm and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEEDINGS.

The summary judgment records reveal the following undisputed facts. Each renter entered into an Equipment Rental Agreement with NorVergence, Inc., a New Jersey corporation, to lease communications equipment. The rental agreements authorized NorVergence to assign its interest without notifying the renters and provided that the assignee would have the same rights as NorVergence. After the parties executed the rental agreements, NorVergence assigned the agreements to Liberty Bank, F.S.B., a federal savings bank with its primary place of business in West Des Moines, Iowa. NorVergence sent the renters notice the rental agreements had been assigned to Liberty Bank. The Notice of Assignment stated that "[a]ll terms and conditions remain unchanged with the exception that" payments must be made to Liberty Bank in Des Moines, Iowa.

Liberty Bank filed breach of contract suits in Polk County, Iowa, alleging the renters failed to make payments pursuant to the rental agreements. None of the renters are residents of Iowa.[1] However,

---

1. Best Litho's principal place of business is located in Florida; Ed Garcia is a resident of Florida; Air Filter's principal place of business is located in Illinois; Davis Delivery Services' principal place of business is located in Georgia; DesignPoint's principal place of business is located in Pennsylvania; and Les McCoy is a resident of Pennsylvania.

each rental agreement contained the following identical forum-selection clause in bold:

> APPLICABLE LAW: ... This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located ... and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option....

Each renter filed an answer, denying the material allegations of the petitions and asserting lack of personal jurisdiction as an affirmative defense. The renters subsequently filed motions for summary judgment, seeking dismissal of the actions for lack of personal jurisdiction. The district court denied each of the motions.

The renters filed applications for interlocutory review, which our supreme court granted and consolidated the cases for purposes of appeal. The renters claim the district court erred in concluding that the forum selection clause can serve as the basis for personal jurisdiction. They argue the forum selection clause is unenforceable because the clause is indefinite and open-ended. The renters further argue they lack the necessary minimum contacts with the State of Iowa to establish personal jurisdiction. Liberty Bank claims the district court was correct in its conclusion the forum selection clause is enforceable, and therefore, a minimum contacts analysis is not necessary. Liberty Bank further claims the renters waived any defense of lack of personal jurisdiction, as their conduct does not reflect a continuing objection to the exercise of personal jurisdiction.

## II. SCOPE AND STANDARDS OF REVIEW.

We review the district court's summary judgment rulings for the correction of errors at law. Iowa R.App. P. 6.4; *Faeth v. State Farm Mut. Auto. Ins. Co.*, 707 N.W.2d 328, 331 (Iowa 2005). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Grinnell Mut. Reins. Co. v. Jungling*, 654 N.W.2d 530, 535 (Iowa 2002). A fact question arises if reasonable minds can differ on how the issue should be resolved. *Grinnell Mut. Reins.*, 654 N.W.2d at 535. No fact question arises if the only conflict concerns legal consequences flowing from undisputed facts. *Id.*

## III. MERITS.

"The Due Process Clause of the Fourteenth Amendment to the federal constitution limits the power of a state to assert personal jurisdiction over a nonresident defendant to a lawsuit." *Ross v. First Sav. Bank*, 675 N.W.2d 812, 815 (Iowa 2004). "'The personal jurisdiction requirement recognizes and protects an individual liberty interest.'" *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492, 501–02 (1982)). "'Because the requirement of personal jurisdiction represents ... an individual right,'" it can be waived. *Id.* (quoting *Insurance Corp. of Ireland*, 456 U.S. at 702–03, 102 S.Ct. at 2104–05, 72 L.Ed.2d at 501–02). Thus, personal jurisdiction can be established by

consent. *Id.* (noting parties to a contract may agree in advance to submit to the jurisdiction of a given court); *see also Joseph L. Wilmotte & Co. v. Rosenman Bros.*, 258 N.W.2d 317, 329 (Iowa 1977); *Oakes v. Oakes*, 255 Iowa 1315, 1318, 125 N.W.2d 835, 838 (1964). Forum selection clauses can constitute sufficient consent by a nonresident defendant to the exercise of personal jurisdiction by a foreign court. *EFCO*, 606 N.W.2d at 299.

■■■ Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513, 520 (1972) (footnote omitted). The rental agreements at issue in this matter contained forum selection clauses. Therefore, Liberty Bank has sustained its initial burden of establishing a prima facie showing of personal jurisdiction. *See OmniLingua, Inc. v. Great Golf Resorts of World, Inc.*, 500 N.W.2d 721, 723 (Iowa Ct.App.1993) (stating plaintiff has the burden to establish the requisite jurisdiction). When plaintiff makes a prima facie showing of personal jurisdiction, the burden shifts to the defendant to produce evidence to rebut or overcome it. *Id.*

■■■ A forum selection clause "should control absent a strong showing that it should be set aside." *M/S Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523. A choice of forum made in an "arm's-length negotiation by experienced and sophisticated businessmen" should be honored by the parties and enforced by the courts "absent some compelling and countervailing reason." *Id.* at 12, 92 S.Ct. at 1914, 32 L.Ed.2d at 521. In order for the

forum selection clause to be unenforceable, the renters must establish that "enforcement would be unreasonable and unjust" or that the clause is "invalid for such reasons as fraud or overreaching."[2] *Id.* at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523. It is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18, 92 S.Ct. at 1917, 32 L.Ed.2d at 525. The renters argue that enforcement of the forum selection clause in the rental agreements is unreasonable because the clause is indefinite and open-ended, and thus fundamentally unfair.

In support of their argument that the forum selection clause is unreasonable, the renters argue it was not foreseeable at the time the rental agreements were executed that they would be haled into court in Iowa. They urge they did not have "notice that NorVergence intended to assign the contracts immediately following their execution." We disagree.

The agreements contain the following provision regarding assignment in bold type: "ASSIGNMENT: ... We may sell, assign, or transfer all or any part of this Rental and/or the Equipment without notifying you." Ed Garcia, on behalf of Best Litho, and Les M. McCoy, on behalf of DesignPoint, each executed a personal guaranty provision, which states in capital letters: "The same state law as the rental will govern this guaranty. You agree to jurisdiction and venue as stated in the paragraph titled Applicable Law of the rental." Furthermore, the following provision appears directly above the renters' signatures on the front of the rental agreements: "You agree to all the terms and

---

**2.** The renters do not claim the forum selection clause is invalid for reasons such as fraud or     overreaching.

conditions shown above and the reverse side of this Rental. . . ." Finally, the renters each signed a separate Delivery and Acceptance Certificate indicating they reviewed and understood all of the terms and conditions contained in the rental agreements. Based on the foregoing contractual provisions, we find the rental agreements provided the renters with ample notice that the agreements could be assigned. *See Joseph L. Wilmotte,* 258 N.W.2d at 323 ("[I]f a party to a contract . . . fails to read the contract he cannot thereafter be heard to say that he was ignorant of its terms and conditions for the purpose of relieving himself from its obligation." (citation omitted)). Because the forum selection clause also draws attention to the assignability of the rental agreement, it is reasonable to infer that the renters could have anticipated litigating in Iowa or other states.

■ The renters further argue the forum selection clause is unreasonable and a violation of public policy because it does not designate a particular forum. In *EFCO,* 606 N.W.2d at 299, our supreme court approved and enforced the following forum selection clause:

> Any action in regard to this agreement or arising out of its terms and conditions may be instituted and litigated in the Iowa District Court for Polk County, Iowa. Customer consents to the jurisdiction of such court and agrees that service of process as provided by the statutes and rules of procedure of Iowa . . . shall be sufficient.

The renters assert the forum selection clause in their rental agreements is defective because, unlike the clause in *EFCO,* it does not name the exact state where suit may be brought.

The "Applicable Law" provision in the rental agreements provides that the agreement will be "governed by . . . the laws of the State in which . . . assignee's principal offices are located" and "all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State. . . ." The supreme court's approval of the forum selection clause in *EFCO* was not dependent upon the fact that the clause designated a specific state. *See id.* at 299. Moreover, we find the forum selection clause does designate the state of suit unequivocally: it is the state where the principal offices of NorVergence are located or, if the contract has been assigned, the state where the principal offices of the assignee are located. Thus, the renters consented to jurisdiction in New Jersey, the home state of NorVergence, or to jurisdiction in the assignee's home state.

The renters urge "good policy dictates" that the forum selection clause name the state in which the suit must be brought. The renters rely on Justice Black's dissent in *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 328–29, 84 S.Ct. 411, 421, 11 L.Ed.2d 354, 365 (1964), in predicting that enforcement of this forum selection clause will result in the proliferation of clauses that are "even more broad and vague and influence companies to take even greater advantage· of unsuspecting customers." We first note that the renters are not "unsuspecting customers" like the Michigan farmers in *National Equipment Rental. National Equip. Rental,* 375 U.S. at 327, 84 S.Ct. at 420, 11 L.Ed.2d at 364. There is nothing present in the record that would indicate the renters are not experienced and sophisticated business people that entered into an arms-length transaction. *See M/S Bremen,* 407 U.S. at 12, 92 S.Ct. at 1914, 32 L.Ed.2d at 521 (finding a choice of forum made in an "arm's-length negotiation by experienced and sophisticated businessmen" is enforceable); *see also Carnival Cruise Lines, Inc.*

*v. Shute,* 499 U.S. 585, 593–95, 111 S.Ct. 1522, 1527–28, 113 L.Ed.2d 622, 632–33 (1991) (upholding a forum selection clause in a form passage contract ticket even where the purchasers were not sophisticated business persons that had negotiated the terms of the contract).

Furthermore, following *National Equipment Rental,* the Supreme Court in *M/S Bremen,* 407 U.S. at 10, 92 S.Ct. at 1913, 32 L.Ed.2d at 520, adopted a "more hospitable attitude toward" forum selection clauses by approving such clauses as prima facie valid. The Supreme Court rejected the traditional hostility toward forum selection clauses, recognizing that "[t]he barrier of distance that once tended to confine a business concern to a modest territory no longer does so." *M/S Bremen,* 407 U.S. at 8, 92 S.Ct. at 1912, 32 L.Ed.2d at 519. Thus, the "expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept" of discouraging forum selection clauses. *Id.* at 9, 92 S.Ct. at 1912, 32 L.Ed.2d at 519. "If assignors have to compensate their assignees for having to litigate in an inconvenient forum, they will have to charge a higher price to their customers. . . ." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 613 (7th Cir.2006). We likewise conclude public policy supports the enforcement of the forum selection clause to allow for the marketability of rental agreements such as these in the leasing industry. *See M/S Bremen,* 407 U.S. at 14, 92 S.Ct. at 1915, 32 L.Ed.2d at 523 ("[I]t would be unrealistic to think that the parties did not conduct their negotiations, including fixing the monetary terms, with the consequences of the forum clause figuring prominently in their calculations."); *Carnival Cruise Lines,* 499 U.S. at 594, 111 S.Ct. at 1527, 113 L.Ed.2d at 632 ("[I]t stands to reason that passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.").

Other state and federal courts have reached the same conclusion regarding the enforceability of similar forum selection clauses. *See, e.g., IFC Credit Corp.,* 437 F.3d at 611–12 (concluding the identical NorVergence forum selection clause is enforceable absent a showing of fraud and rejecting lessee's argument that to be enforceable the clause must name the state in which the suit is to be brought); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.,* 21 F.Supp.2d 465, 472 (D.N.J.1998) (enforcing forum selection clause providing for jurisdiction in the state where the assignee's principal place of business is located). *But see Central Ohio Graphics, Inc. v. Alco Capital Resource, Inc.,* 221 Ga.App. 434, 472 S.E.2d 2, 3 (1996) (holding a forum selection clause authorizing the lessor to pursue "any action under this agreement in any court of competent jurisdiction" unenforceable due to its broadness and lack of specificity); *Preferred Capital, Inc. v. Power Eng'g Group, Inc.,* 112 Ohio St.3d 429, 860 N.E.2d 741, 746 (2007) (holding that "when one party to a contract containing a floating forum selection clause possesses undisclosed information of its intent" to immediately assign its interest, the forum selection clause is unreasonable and against public policy). We find the reasoning of the cases enforcing the forum selection clauses more persuasive than the reasoning of the cases invalidating the clauses.

## IV. CONCLUSION.

In conclusion, we find the renters have failed to sustain their heavy burden of establishing that the forum selection clause is fundamentally unfair and "enforcement

would be unreasonable and unjust." *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523. We therefore conclude the district court did not err in denying the renters' motions for summary judgment.[3] We accordingly affirm the judgments of the district court denying the motions for summary judgment and remand for further proceedings.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

**3.** We need not and do not engage in a minimum contacts analysis. *See EFCO,* 606 N.W.2d at 299 (holding the minimum contacts analysis does not apply where the "basis for the district court's assumption of in personam jurisdiction" is consent). We also need not and do not reach Liberty Bank's argument that the renters waived any defense of lack of personal jurisdiction.