GROSS, J.
We affirm the trial court’s refusal to enforce certain forum selection clauses. The clauses are so overbroad and lacking in specificity that they fail to provide adequate indicia of the parties’ intent.
United Capital Fund, LLC, filed a multi-count complaint against various defendants who are the appellants in this case. The complaint was filed in Martin County, where United Capital was located. The causes of action arose from contracts that United Capital had entered into with the defendants. Each contract contained this provision:
EACH OF THE PARTIES HERETO WAIVES ITS RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTION CONTEMPLATED HEREBY OR THEREBY IN ANY ACTION, PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY PARTY AGAINST THE OTHER PAR *423 TY, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE. EACH OF THE PARTIES HERETO AGREES THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY IN SELLER’S COUNTY AND STATE OF CHOICE. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS PARAGRAPH AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR ANY PROVISION HEREOF OR THEREOF. BUYER AGREES THAT A LEGAL MEDIATION SHALL TAKE PLACE IN COUNTY AND STATE OF SELLER’S CHOICE BEFORE ANY COURT TRIAL. THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT.
(Emphasis added).
All but one of the defendants moved to dismiss the complaint, or to transfer the case to the circuit court in Hillsborough County. The defendants pointed to the above forum selection clause, argued the clauses were valid and enforceable, and asserted they had chosen Hillsborough County as them forum. The trial court denied the defendants’ motion to dismiss or transfer.
A trial court’s interpretation of a contractual forum selection clause is reviewed de novo. TECO Barge Line, Inc. v. Hagan, 15 So.3d 863, 865 (Fla. 2d DCA 2009); Bombardier Capital Inc. v. Progressive Mktg. Grp., Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001); Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999). The polestar of interpretation is the intent of the parties, which is divined from the language of the contract if that language is clear and unambiguous. Bombardier Capital Inc., 801 So.2d at 134. The language of the forum selection clauses here at issue is clear and unambiguous.
“Forum selection clauses are presumptively valid and ‘should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.’ ” Id. (quoting Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986)) (footnote omitted) (other citations omitted). In Manrique, the Florida Supreme Court turned to an opinion of the United States Supreme Court to explain that such clauses “eliminate uncertainty as to the nature, location, and outlook of the forum in which parties ... might find themselves.” 493 So.2d at 439 (relying on M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 13-15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). It is the total uncertainty of the forum selected by the clauses involved in this case that renders them unenforceable.
We agree with the analysis of Central Ohio Graphics v. Alco Capital Resource, Inc., 221 Ga.App. 434, 472 S.E.2d 2 (1996), where the Court of Appeals of Georgia held a similar forum selection clause unenforceable. There, Central entered into a leasing agreement for two copiers with Aleo. Id. at 3. The agreement contained a forum selection clause that provided that “Aleo Capital has the option of pursuing any action under this agreement in any court of competent jurisdiction and the customer [Central] consents to jurisdiction in the state of our choice.” Id. When Central unilaterally *424 terminated the agreement over repeated difficulties with one of the copiers, Aleo sued Central in Georgia; within hours, Central sued Aleo in Ohio. Id. In the Georgia action, Central moved to dismiss, arguing that “the forum selection clause was too broad and vague to satisfy the requisites of due process.” Id. The trial court denied the motion, and Central appealed. Id.
The appellate court reversed. The court began its discussion by noting that, “[although we have enforced many forum selection clauses ...., including those designating more than one possible forum, never have we confronted one so broad and nonspecific.” Id. (citation omitted). The clause was unenforceable, it concluded, because “the forum selection clause provid[ed] no intimation of the forum contemplated,” so that “the clause fail[ed] to reflect a meeting of the minds sufficient to show the parties reached an agreement on the forum.” Id. at 4. Further, the clause’s “lack of specificity impugn[ed] a fundamental purpose of such clauses: to eliminate uncertainties by agreeing in advance on a forum acceptable to both parties.” Id. (citing M/S Bremen, 407 U.S. at 13, 92 S.Ct. 1907). It would be unreasonable to enforce a clause that, as written, “would permit Aleo to bring this action in any state in the country.” Id. “Because the forum selection clause at issue is over-broad and so lacking in specificity that it fails to provide any indicia of the parties’ intent,” the court held, “enforcing it would be unreasonable and unjust.” Id. (citation omitted).
Central Ohio Graphics is persuasive. As in Georgia, Florida law considers that forum selection clauses are presumptively valid and enforceable, unless enforcement would be unreasonable or unjust. Compare Central Ohio Graphics, 472 S.E.2d at 3, with Manrique, 493 So.2d at 440. Similarly, the law in both states recognizes that the main reason for forum selection clauses is to eliminate uncertainty as to the nature, location, and outlook of the forum in which parties might find themselves. Compare Central Ohio Graphics 472 S.E.2d at 4, with Manrique, 493 So.2d at 439.
In urging reversal of the trial court’s order, the defendants argue that the forum selection clauses’ failure to specify a particular forum did not render them so indefinite as to be unenforceable. They rely on Liberty Bank, F.S.B. v. Best Litho, Inc., 737 N.W.2d 312 (Iowa Ct.App.2007). However, that case does not control because it involves a floating forum selection clause which, unlike the indefinite clauses in this case, ties the forum selection to mutable and knowable facts.
Liberty Bank involved a dispute between renters of communications equipment and the assignee of the rental agreements between the renters and the original equipment company. See id. at 313. When the renters breached the agreements, the assignee brought suit in Iowa; none of the renters’ principal places of business were in Iowa. Id. at 313 & n. 1. The agreements contained the following provision:
APPLICABLE LAW: ... This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Renter’s principal offices are located or, if this Lease is assigned by Renter, the State in which the assignee’s principal offices are located ... and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Renter’s assignee’s sole option ....
Id. at 314 (alterations in original). The renters answered and claimed lack of per *425 sonal jurisdiction. The trial court rejected this argument. Id.
On appeal, the renters argued, among other things, that the forum selection clause that allowed suit in Iowa was unenforceable as unreasonable because it did not designate a particular forum. Id. The appellate court rejected this attack on the forum selection clause. It found that “the forum selection clause does designate the state of suit unequivocally: it is the state where the principal offices of NorVergence [original “Rentor”] are located or, if the contract has been assigned, the state where the principal offices of the assignee are located.” Id. at 316. Following the decisions of other state and federal courts, the court held that the clause was enforceable. See id. at 317.
The defendants’ reliance on Liberty Bank is misplaced.[1] Liberty Bank’s clause is known as a “floating” forum selection clause. A floating forum selection clause is
a clause which, rather than designating a forum by immutable geographical place name, designates the exclusive forum for all litigation regarding the agreement which contains the clause by reference to mutable facts, namely, the location of the main office, headquarters, principal office, or principal place of business of one of the parties to the agreement, or that party’s assigns.
Dale Joseph Gilsinger, Enforceability of Floating Forum Selection Clauses, 39 A.L.R.6th 629, § 2 (2008). As noted by the Liberty Bank court, the weight of authority holds floating forum selection clauses enforceable. See, e.g., IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc., 437 F.3d 606 (7th Cir.2006) (applying Illinois and federal law; holding that a floating forum selection clause was enforceable).[2]
Floating forum selection clauses are distinct from the totally unspecific clauses in the instant case. The clauses here do not tie the selection of a forum to any mutable and identifiable fact, only to the whim of *426 the defendants’ choice. Cf. Lyon Fin. Servs., Inc. v. Will H. Hall & Son Builders, Inc., No. Civ. 04-4383 ADM/AJB, 2005 WL 503371, *4 (D.Minn. Mar. 4, 2005) (“Although that state may indeed change upon assignment of the Lease, it does not give the lessor or assignee freedom to choose its forum. Rather, it must bring suit in its home state.”); IFC Credit Corp. v. Rieker Shoe Corp., 378 Ill.App.3d 77, 89, 317 Ill.Dec. 214, 881 N.E.2d 382 (“Despite this flexibility, the assignee cannot randomly select any forum within the United States, but must litigate any legal dispute in the state where its principal offices are located.”). Unlike floating forum selection clauses which eliminate forum uncertainty by providing criteria for determining the contemplated forum, the clauses in this case provided no such standards. Therefore, it cannot be said that there was a meeting of the minds on the location of a forum.
For these reasons, the trial court did not err in denying the defendants’ motions to dismiss or transfer.

Affirmed.

WARNER and STEVENSON, JJ., concur.

. The defendants are correct that no Florida court has squarely addressed the issue of floating clauses. Still, in Bovis Homes, Inc. v. Chmielewski, 827 So.2d 1038 (Fla. 2d DCA 2002), the second district held that a trial court erred in concluding that a floating clause was ambiguous and, thus, unenforceable. The second district held that "[t]he plain language of the provision provides that venue for any action arising of the contract lies in the county or district where the principal place of business is located. The dispute in this case appears to be the location of Bovis Homes’ principal place of business.” Id. at 1039.

. See also Preferred Capital, Inc. v. Assocs. in Urology, 453 F.3d 718 (6th Cir.2006) (applying Ohio and federal law); Lyon Fin. Servs., Inc. v. Will H. Hall & Son Builders, Inc., No. CIV. 04-4383 ADM/AJB, 2005 WL 503371 (D.Minn. Mar. 4, 2005) (applying federal law); Danka Funding, LLC v. Page, Scrantom, Sprouse, Tucker & Ford, PC, 21 F.Supp.2d 465 (D.N.J.1998) (applying New Jersey law); Edge Telecom, Inc. v. Sterling Bank, 143 P.3d 1155 (Colo.Ct.App.2006); OFC Capital v. Colonial Distribs., Inc., 285 Ga.App. 815, 648 S.E.2d 140 (2007); IFC Credit Corp. v. Rieker Shoe Corp., 378 Ill.App.3d 77, 317 Ill.Dec. 214, 881 N.E.2d 382 (Ill.App.Ct.2007); Sterling Nat’l Bank v. E. Shipping Worldwide, Inc., 35 A.D.3d 222, 826 N.Y.S.2d 235 (N.Y.App.Div.2006); Prof. Solutions Fin. Servs. v. Richard Yeager & Assocs., D.D. S., P.A., 722 S.E.2d 212 (N.C.Ct.App.2012) (unpublished opinion); Susquehanna Patriot Commercial Leasing Co., Inc. v. Holper Indus., Inc., 928 A.2d 278 (Pa.Super.Ct.2007); CMS Partners, Ltd. v. Plumrose USA, Inc., 101 S.W.3d 730 (Tex.Ct. App.2003). But see Preferred Capital, Inc. v. Power Eng'g Grp., Inc., 112 Ohio St.3d 429, 860 N.E.2d 741, 746 (2007) (holding that a floating forum selection clause is unenforceable "when one party to a contract containing a floating forum-selection clause possesses undisclosed information of its intent to assign its interest in the contract almost immediately to a company in a foreign jurisdiction”).