TAYLOR, J.
This appeal arises from a lawsuit brought by the plaintiff Leo Koelzer, a Broward County resident, against Early Auction Company, an Ohio auction house, for negligently representing that a lamp which the plaintiff bid on and purchased was an authentic Tiffany Studios lamp. The auction was held in Kentucky, but the plaintiff bid telephonically from his Florida home through an Early Auction employee and won the bid on the lamp. Months later, the plaintiff found out that the Tiffany Studios Lamp sold by Early Auction was a fake. Early Auction appeals the trial court’s denial of its motion to dismiss the plaintiffs complaint for lack of personal jurisdiction and improper venue. We reverse as to the venue issue and hold that the trial court erred in refusing to enforce the mandatory forum selection clause published in the Terms and Conditions of the defendant’s auction. We need not address the defendant’s alternative argument that the complaint should have been dismissed for lack of personal jurisdiction.[1]
The enforceability of a forum selection clause is reviewed de novo. See Lopez v. United Capital Fund, LLC, 88 So.3d 421, 423 (Fla. 4th DCA 2012). “A party contesting the venue selected by the plaintiff has the burden of clearly proving that the venue selected by the plaintiff is improper.” Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat’l Bank of Melbourne & Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970). However, “[a]s a general principle, the trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust.” Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999). “If the venue clause is phrased in mandatory terms, each party has a contractual right to demand that the case be litigated in the forum referred to in the contract.” Id.
 Forum selection clauses are scrutinized under a fundamental fairness standard, but a party contesting enforcement of a forum selection clause bears the “heavy burden” of demonstrating why enforcement would be unreasonable. Norwegian Cruise Line, Ltd. v. Clark, 841 So.2d 547, 550 (Fla. 2d DCA 2003). The relevant inquiry is whether the terms of the clause were reasonably communicated to the consumer and are otherwise fundamentally fair. Sun Trust Bank v. Sun Int’l Hotels, Ltd., 184 F.Supp.2d 1246, 1259 (S.D.Fla.2001). This test “takes into account both the physical characteristics of the contract itself, and also any extrinsic factors indicating the plaintiffs ability to become meaningfully informed and to reject the contractual terms at stake.” Id.
“In order to be enforceable the forum-selection clause in a form contract must reasonably warn the consumer that the terms and conditions are important matters affecting legal rights.” Id. at 1259-60 (citing Hirsch v. Klosters Rederi A/S, 521 So.2d 316, 317 (Fla. 3rd DCA *1041 1988)). “Thus, not only must the operative language be sufficiently clear as to its import and meaning, but the clause itself must also be physically conspicuous and ‘eye-catching’ in the printed document.” Id. at 1260. “Features such as size of type, conspicuousness and clarity of notice on the face of the contract, and the ease with which the plaintiff can read the provisions are all important considerations which, again, must be assessed on a case-by-case basis.”[2] Id.
Auctions, however, present a unique circumstance because the “terms on which goods are to be sold at auction are often made known in advertisements or cata-logues or posted at the place where the auction is to be held.” Restatement (Second) of Contracts § 28, cmt. e (1981). Therefore, unless a contrary intention is manifested, “bids at an auction embody terms made known by advertisement, posting or other publication of which bidders are or should be aware, as modified by any announcement made by the auctioneer when the goods are put up.” Restatement (Second) of Contracts § 28(2) (1981). Comment e to § 28 of the Restatement elaborates on this rule as follows:
Ordinarily bidders are or should be aware of terms so published or announced. A bid need not repeat such terms; it is understood as embodying them. Hence the bidder is held to the published or announced terms, even though he may have neglected to read them or may have arrived at the auction after the announcement was made.
Restatement (Second) of Contracts § 28, cmt. e (1981) (emphasis added).
Accordingly, with regard to auction sales, there is clear authority that “a catalog is effective in defining the conditions of sale.” A. Belanger & Sons, Inc. v. U.S. for Use and Ben. of Nat’l U.S. Radiator Corp., 275 F.2d 872, 375 (1st Cir.1960) (applying Massachusetts law). “Although in auction transactions there is more reason for a prospective purchaser to seek out written conditions of sale, and therefore constructive knowledge could be carried further, we believe that the auction cases ... support a conclusion that a prior statement of conditions of sale, as in a catalog, can be incorporated into the contract of sale.” Id. The test for determining whether the conditions set forth in the catalog are incorporated into the contract is whether “it appears obvious from the catalog that the buyer’s attention is drawn to the terms announced and that the terms apply to the purchase the buyer proposed to make.” Id.
In this case, the plaintiff argues that he cannot be bound by the Terms and Conditions because he did not sign the Terms and Conditions, he was not physically present at the auction to view the Terms and Conditions there, and the trial court believed his testimony that he was unaware of the Terms and Conditions. We reject the plaintiffs arguments and conclude that the trial court erred in refusing to enforce the forum selection clause in the Terms and Conditions of the auction.
The plaintiff, as a bidder in the auction, is held to the published terms of the auction regardless of whether he actually read them. Before the auction, the plaintiff received a catalog setting forth the Terms *1042 and Conditions of Sale at Auction, including a forum selection clause. Those terms were prominently set forth in large type on the inside front cover of the catalog, as well as at the end of the catalog. The forum selection clause in this case was a mandatory forum selection clause, providing that “[a]ll disputes arising from an auction or sale shall be resolved in Cincinnati, Ohio.... ” (Emphasis added). Although the forum selection clause itself was near the bottom of the page and was not any more “eye-catching” than the other terms and conditions, it was in reasonably large type and was not hidden or otherwise disguised so as to “sneak by unnoticed.” Sun Trust, 184 F.Supp.2d at 1260. It was obvious from the catalog that a buyer’s attention would be drawn to the Terms and Conditions and that those terms would apply to any sale at the auction. Furthermore, the terms were posted at the auction site, and the plaintiffs agent was physically present at the auction.[3]
The plaintiff, who received the catalog in advance of the auction, had a meaningful opportunity to consider the forum selection clause, and could have rejected it by refusing to bid or by making an offer on terms different from those announced. See Restatement (Second) Contracts § 28, cmt. e (1981) (“Theoretically, a bidder could make an offer on terms different from those announced, but bidders seldom or never do so.”). In essence, by choosing to bid on the lamp at the auction, the plaintiff “offered” to purchase the lamp under the Terms and Conditions advertised by the auction house. Because the plaintiff has failed to show that enforcement of the forum selection clause is unreasonable or unfair, the plaintiff is bound by the forum selection clause.
In sum, the forum selection clause is enforceable and compels us to conclude that venue is improper in Florida. We therefore reverse the order on appeal and remand with instructions that the trial court dismiss the case for improper venue.

Reversed and Remanded.

MAY, C.J. and GERBER, J., concur.

. A court need not decide an issue of personal jurisdiction if a venue issue requires dismissal. See Leroy v. Great W. United Corp., 443 U.S. 173, 180-81, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) (when there is a sound prudential justification for doing so, a court may consider venue before personal jurisdiction).

. In Sun Trust, for example, the court found that "contrary to plaintiff’s assertion, the clause is not hidden among other print or physically disguised so as to sneak by unnoticed." Id. However, the court refused to enforce the clause because it was presented to the decedent’s mother for the first time after she had already flown to tire defendants’ hotel in the Bahamas, and thus the mother did not have a reasonable opportunity to consider or reject the forum selection clause. Id. at 1260-61.

. The plaintiff’s complaint specifically alleged that an agent of the plaintiff was physically present at the auction.