# IN THE COURT OF APPEALS OF IOWA

No. 18-2246
Filed July 24, 2019

MID-AMERICAN GLAZING SYSTEMS, INC.,
    Plaintiff-Appellant,

vs.

CLADDING CORPORATION,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Story County, Bethany J. Currie,

Judge.

Plaintiff appeals the district court's dismissal of a breach-of-contract claim.

**AFFIRMED.**

Roger A. Huddle of Weaver & Huddle Law Office, Wapello, for appellant.

Abhay M. Nadipuram, Ryan L. Haaland, and Daniela Talmadge of Davis,

Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Greer, JJ.

**GREER, Judge.**

The district court dismissed an Iowa corporation's breach-of-contract claim because a forum selection clause in the contract designated the state or federal court in Virginia as the proper forum. On appeal, the corporation challenges the clause's enforceability. We determine the clause is enforceable and affirm the dismissal of the breach-of-contract claim.

## I. Background Facts and Proceedings.

In May 2016, Mid-American Glazing Systems, Inc. (Mid-American), an Iowa corporation, was part of a construction project in Story County, Iowa. Mid-American purchased building materials for the project by placing a supply order with Cladding Corporation, a Virginia corporation with an office in California. Although Cladding claims its principal place of business is Virginia, it only listed its California address on the supply order.

Attached to the supply order were a number of additional documents, including terms and conditions. One of the attachments, titled "Additional Terms," stated that the "[p]roposal includes attached Cladding Corps Standard Terms and Conditions" and that Mid-American's "placement of an offer is an acceptance of these conditions." Cladding attached its standard terms and conditions as Appendix C of the supply order. One of the terms and conditions stated,

> 13. Choice of Forum and Governing Law: The Parties agree that any and all lawsuits arising out of or related to this Agreement, or the goods and services to be provided hereunder, shall be governed and construed with the laws of the Commonwealth of Virginia (but not including the choice of law rules thereof), and shall be brought in the General District or Circuit Court of Fairfax County, Virginia, or the Federal Court for the Eastern District of Virginia at Alexandria, as appropriate. The Parties waive any objection they may have that any such action or proceeding has been brought in an inconvenient

forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

Cladding delivered the building materials according to the supply order, but Mid-American alleged some of the materials were defective. Nevertheless, Mid-American paid for the materials. Mid-American claims it incurred over $40,000 in additional labor and expenses to replace the defective materials. The parties dispute who is responsible for these replacement costs.

In August 2018, Mid-American sued Cladding for breach of contract in the Iowa District Court for Story County to recover the replacement costs. Cladding filed a pre-answer motion to dismiss based on the forum selection clause in the supply order. Mid-American resisted, arguing the clause was unenforceable. After a hearing, the district court concluded the clause was enforceable and granted Cladding's motion to dismiss. Mid-American appealed.

## II. Standard of Review.

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 804 (Iowa 2016) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)).

## III. Analysis.

"[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000) (quoting *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). "Forum selection clauses can constitute sufficient consent" to submit to a particular jurisdiction. *Liberty Bank, F.S.B. v. Best Litho, Inc.*, 737

N.W.2d 312, 314–15 (Iowa Ct. App. 2007). "Forum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Id.* at 315 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). We have previously established the required showing to set aside a forum selection clause:

> A forum selection clause "should control absent a strong showing that it should be set aside." A choice of forum made in an "arm's-length negotiation by experienced and sophisticated businessmen" should be honored by the parties and enforced by the courts "absent some compelling and countervailing reason." In order for the forum selection clause to be unenforceable, the [plaintiff] must establish that "enforcement would be unreasonable and unjust" or that the clause is "invalid for such reasons as fraud or overreaching." It is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."

*Id.* (footnote omitted) (quoting *M/S Bremen*, 407 U.S. at 12, 15, 18).

Mid-American argues the forum selection clause in the supply order is unenforceable because Iowa is the most "convenient and logical jurisdiction and forum" for the parties to litigate this breach-of-contract claim. Mid-American also argues we should disregard the forum selection clause because the parties did not negotiate the clause or sign the contract, and it was not foreseeable that Mid-American would have to sue in Virginia.

We find Mid-American's arguments without merit. Mid-American and Cladding engaged in an arm's-length transaction for building supplies. There is no evidence that the supply order was the product of fraud, overreaching, or a disparity in bargaining power. While the parties did not specifically negotiate the forum selection clause and neither party signed the supply order, the terms of the

supply order established that placing an order constituted acceptance of the terms and conditions, one of which was the forum selection clause. Mid-American has not presented any evidence that litigating its breach-of-contract claim in Virginia would be so gravely difficult and inconvenient that it would be deprived of its day in court.

Mid-American has failed to meet the "heavy burden of establishing that the forum selection clause is fundamentally unfair and 'enforcement would be unreasonable and unjust.'" *Liberty Bank*, 737 N.W.2d at 318 (quoting *M/S Bremen*, 407 U.S. at 15). We conclude the forum selection clause is enforceable and this Iowa action should be dismissed.

### IV. Conclusion.

For all of the above-stated reasons, we affirm the district court's dismissal of Mid-American's breach-of-contract claim.

**AFFIRMED.**