## A96A0108. CENTRAL OHIO GRAPHICS, INC. v. ALCO CAPITAL RESOURCE, INC.
(472 SE2d 2)

Judge Harold R. Banke.

Alco Capital Resource Inc. ("Alco") sued Central Ohio Graphics, Inc. ("Central") for breach of an agreement to lease a copy machine. Central appeals the denial of its motion to dismiss for lack of personal jurisdiction and the entry of default judgment allowing Alco to recover $92,010 in principal, plus $1,315.86 in interest and $9,226 in attorney fees.

This case arose after Central, an Ohio corporation, entered into an agreement to lease two copiers from Alco. The agreement contained a broad forum selection clause which stated that "Alco Capital has the option of pursuing any action under this agreement in any court of competent jurisdiction and the customer [Central] consents to jurisdiction in the state of our choice." O'Brien Business Equipment, Inc. ("O'Brien") was listed as the "dealer" on the lease agreement. Both O'Brien and Alco are Alco Standard Companies. On the

same day Central entered into the lease agreement, it entered into a service agreement with O'Brien in Columbus, Ohio.

Several months later, Central unilaterally terminated the lease agreement at issue after repeated difficulties with one of the copiers. Alco then brought this action in Bibb County State Court. Hours later, Central sued both Alco and O'Brien in an Ohio state court. Alco successfully moved to dismiss the Ohio action, arguing that the forum selection clause was enforceable. The Ohio court's decision was reversed and remanded on appeal for a determination of whether enforcement of the forum selection clause was unjust or unreasonable. *Central Ohio Graphics v. O'Brien Business Equip.*, ___ Ohio App. 3d ___ (No. 95 APE08-1016, decided March 28, 1996).

In the Georgia case, Central moved to dismiss for lack of personal jurisdiction, arguing that (1) it lacked minimum contacts with Georgia and (2) the forum selection clause was too broad and vague to satisfy the requisites of due process. The trial court denied the motion and, on the same day, granted Alco's motion for default judgment, which asserted that Central failed to timely answer the complaint, and entered default judgment against Central. The court awarded the amount of damages and attorney fees sought in the complaint because Central failed to respond to Alco's requests for admission which asked Central to admit that the balance sued for was due and accurate. OCGA § 9-11-36 (a) (2); see *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421, 422 (422 SE2d 76) (1992). The record, however, provided no factual support for the amounts claimed. *Held*:

Generally, contractual clauses providing advance consent to the jurisdiction of a court which would not otherwise have personal jurisdiction are valid and enforceable in this State. *Brown v. United States Fidelity &c.*, 208 Ga. App. 834, 835 (2) (432 SE2d 256) (1993). Although we have enforced many forum selection clauses pursuant to this rule, including those designating more than one possible forum, never have we confronted one so broad and nonspecific. See, e.g., *Lightsey v. Nalley Equip. Leasing, Ltd.*, 209 Ga. App. 73, 74 (1) (432 SE2d 673) (1993).

Notwithstanding the general rule, the clause at issue is unenforceable for several reasons. Here, the forum selection clause provides no intimation of the forum contemplated. Compare *Apparel Resources Intl., Ltd. v. Amersig Southeast*, 215 Ga. App. 483, 484 (1) (451 SE2d 113) (1994). In so doing, the clause fails to reflect a meeting of the minds sufficient to show the parties reached an agreement on the forum. See *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982). Moreover, its lack of specificity impugns a fundamental purpose of such clauses: to eliminate uncertainties by agreeing in advance on a forum acceptable to both parties. *The Bremen v. Zapata Off-Shore Co.*, 407 U. S. 1, 13 (92

SC 1907, 32 LE2d 513) (1972) (admiralty case). The forum selection clause as written would permit Alco to bring this action in any state in the country. This is unreasonable. Because the forum selection clause at issue is overbroad and so lacking in specificity that it fails to provide any indicia of the parties' intent, enforcing it would be unreasonable and unjust. Id. at 15. We find the trial court erred in denying Central's motion to dismiss.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 2, 1996 —
RECONSIDERATION DENIED MAY 15, 1996 — 

*Harmon, Smith, Bridges & Wilbanks, Archer D. Smith III*, for appellant.

*Andrew R. Bickwit*, for appellee.