A07A0039. OFC CAPITAL v. COLONIAL DISTRIBUTORS, INC.
(648 SE2d 140)

ADAMS, Judge.

Defendant/appellee Colonial Distributors, Inc., a Maryland corporation, entered into an equipment rental agreement with NorVergence, Inc. on May 18, 2004. NorVergence subsequently assigned its rights, title and interest, but not its obligations, in the agreement to plaintiff OFC Capital, an Alabama corporation whose principal place of business is located in Roswell, Georgia. OFC Capital filed suit

---

against Colonial in the State Court of Fulton County on May 31, 2005, contending that Colonial had failed to make payments when due under the terms of the agreement. Colonial filed a "special appearance" answer and a motion to dismiss on August 19, 2005, arguing that it lacked sufficient minimum contacts with Georgia and that the forum selection clause in the agreement was overbroad and unconscionable and thus unenforceable. The trial court granted the motion to dismiss, finding, inter alia, that the forum selection clause was "overbroad and lacking in specificity such that enforcement of the same would be unreasonable and unjust." OFC Capital appeals.

The choice of law/forum selection clause at issue here provides as follows:

This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. . . .

The trial court cited *Central Ohio Graphics v. Alco Capital Resource*, 221 Ga. App. 434 (472 SE2d 2) (1996) in support of its findings that the provision here was unenforceable. In that case, the agreement contained a forum selection clause which allowed the rentor "the option of pursuing any action under this agreement in any court of competent jurisdiction and the customer consents to jurisdiction in the state of our choice." Id. We found this forum selection clause unenforceable for "several reasons," noting that the clause provided no intimation of the forum contemplated, thereby failing to reflect a meeting of the minds sufficient to show the parties reached an agreement on the forum. Additionally, we found the "lack of specificity impugns a fundamental purpose of such clauses: to eliminate uncertainties by agreeing in advance on a forum acceptable to both parties." Id. And lastly we noted that the clause was unreasonable because it permits suit to be brought anywhere in the country. Thus, we concluded "[b]ecause the forum selection clause at issue is overbroad and so lacking in specificity that it fails to provide any indicia of the parties' intent, enforcing it would be unreasonable and unjust." Id.

In contrast to the forum selection clause in *Central Ohio*, the forum selection clause in this case mandates that all legal actions relating to the lease agreement "shall be venued exclusively" in the

state where the rentor's, or in the event of an assignment, the assignee's, principal place of business is located. Although Colonial argues the clause allows the assignee the "sole option" to choose the forum where suit is brought, such a construction ignores the language in the clause that mandates that suit must be brought in the state where the assignee's principal place of business is located. Thus, the assignee may have the option to choose between a state or federal court in the state where its principal place of business is located, but, contrary to Colonial's argument on appeal, it does not have unfettered discretion about where suit may be brought. Moreover, another distinguishing factor between the forum selection clause here and at issue in *Central Ohio*, is that the clause in this case does not allow suit to be brought in a forum where neither party has a nexus or relationship with the state. And although it is true that Colonial could not know with certainty where suit might be brought at the time it executed the agreement because the agreement was freely assignable by the rentor, Colonial agreed to the provision allowing the rentor to freely assign the agreement and thus clearly had notice that such event might occur and that suit would then be brought where the assignee's, not the rentor's, principal place of business was located. As to the trial court's finding that the agreement was lacking in specificity, we note that this Court has previously upheld a similar forum selection clause that designated the forum only as the state where the appellee's printing company was located without giving the precise location of that company. *Apparel Resources Intl. v. Amersig Southeast*, 215 Ga. App. 483, 484-485 (451 SE2d 113) (1994).

But finding that the forum selection clause in this case is distinguishable from the clause we deemed unenforceable in *Central Ohio* does not end our inquiry. In that analysis, we start with the general rule that forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Carter's Royal Dispos-All v. Caterpillar Financial Svcs.*, 271 Ga. App. 159, 161 (609 SE2d 116) (2004).

> "To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power." (Punctuation and footnotes omitted.) *Iero[ v. Mohawk Finishing Products*, 243 Ga. App. 670 (534 SE2d 136) (2000)]. Thus, [Colonial] bears the burden of proving that enforcement of the forum selection clause would be unreasonable under the circumstances. Id.

*SR Business Svcs. v. Bryant*, 267 Ga. App. 591, 592 (600 SE2d 610) (2004).

Colonial does not argue that litigating the case in Georgia would be so inconvenient that it would in essence be deprived of its day in court. It does assert, however, that the clause offends notions of fundamental fairness because it is "completely open-ended" and "serves no purpose other than to provide the Appellant with the unfettered right to choose an inconvenient forum unrelated to the [a]greement." But, as set forth more fully above, we do not read the clause so broadly.

Moreover, although Colonial alleged in its answer that the lease agreement was procured by fraud, there is no evidence in the record concerning the making of the contract and Colonial has not pointed to any evidence to show it was misled as to the terms of the contract or that the inclusion of the forum selection clause in the agreement was based on fraud. Compare *SRH, Inc. v. IFC Credit Corp.*, 275 Ga. App. 18 (619 SE2d 744) (2005) (this Court held trial court erred by finding the parties, a NorVergence assignee and the lessee to the contract, were bound by an identical forum selection when the lessee moved to rescind the contract and alleged that it was fraudulently induced to enter into the lease and that the lease was fraudulently assigned without the permission of the bankruptcy trustee).[1] Moreover, the record shows that the forum selection clause was highlighted in bold and that Colonial's executive director initialed the page of the agreement containing the clause.

Colonial also argues that the forum selection clause violates the public policy of this State. Colonial acknowledges that the clause must be damaging to the forum itself, not to individual litigants, *Iero*, 243 Ga. App. at 671, and argues "utilization of Georgia Courts for the furtherance of a scheme to defraud consumers is damaging to the forum." But we do not agree that *enforcing the forum selection clause* and allowing this suit to go forward at this juncture is tantamount to furthering a scheme to defraud consumers because nothing in this opinion should be read as precluding a review of the merits of whether the contract is unconscionable. See *Carter's Royal*, 271 Ga. App. at 161 (merits of contract dispute are irrelevant to the initial inquiry of whether the forum selection clause is enforceable). Moreover, as OFC Capital points out, waivers of personal jurisdiction are expressly

---

[1] From the briefs of the parties and elsewhere, we note that this rental lease agreement has spawned litigation in many state and federal courts throughout the nation. However, we must be mindful that the outcome of these cases may differ depending on the procedural posture of the case as well as the particular facts and circumstances presented to the court, and that we are called upon here to decide only whether the forum selection clause in this agreement is enforceable as between the parties to this case.

permitted in this State and thus cannot be said to contravene our public policy. E.g., *Apparel Resources*, 215 Ga. App. at 484.

Based on the foregoing, we hold that the trial court erred by granting Colonial's motion to dismiss and refusing to enforce the forum selection clause in the equipment rental agreement.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 14, 2007 —

*Thompson, O'Brien, Kemp & Nasuti, Bret T. Thrasher, James M. Cavin*, for appellant.

*Howick, Westfall, McBryan & Kaplan, Susan L. Howick, Jonathan P. Rotenberg*, for appellee.