**Melissa J. EARLL, Plaintiff,**

v.

**EBAY, INC., Defendant.**

**Case No. 10–3089–CV–SW–RED.**

United States District Court, W.D. Missouri, Southwestern Division.

Jan. 4, 2011.

Christopher L. Dore, Jay Edelson, Michael J. Aschenbrener, Chicago, IL, Williams G. Crowe, Law Offices of Bill Crowe, MBA, JD, LC, Springfield, MO, for Plaintiff.

## *ORDER*

RICHARD E. DORR, District Judge.

Pending before the Court is Defendant eBay, Inc.'s Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 14). After careful consideration of the parties' submissions, the Court **GRANTS** the Motion to Transfer Venue (Doc. 14). The Court **DENIES** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16) as moot. The Clerk of the Court is hereby **ORDERED** to transfer this case to the United States District Court for the Northern District of California.

## BACKGROUND

Plaintiff Melissa Earll registered as a user of eBay in 2007 in part to be able to sell items on eBay. eBay requires its sellers to telephonically verify their identities before eBay will authorize them to sell. Earll is deaf. Earll claims her deafness has prevented her from verifying her identity and selling items on eBay. Earll's complaint alleges violations of the Americans with Disabilities Act (the "ADA") and the California Disabled Persons Act (the "DPA").

When Earll registered as an eBay user, she clicked on a box consenting to eBay's User Agreement. The User Agreement included the following forum selection clause: "You agree that any claim or dispute you may have against eBay must be resolved by a court located in Santa Clara County, California, except as otherwise agreed by the parties or as described in the Arbitration Option paragraph below."

## DISCUSSION

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir.1999) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Courts enforce forum selection clauses that do not deprive parties of their fair day in court. *Id.* A forum selection clause that appears in a form contract and was not individually negotiated is not per se unenforceable. *Id.* at 753.

Earll makes several arguments against enforcement of the forum selection clause. Earll first argues the User Agreement is invalid because it did not disclose an essential and material term—that she had to be able to telephonically verify her identity to become a seller. Obviously, it is not feasible to include every procedural detail in a form universal agreement. Verification of identity is clearly an essential and material term of eBay's User Agreement as reflected in the fourth and fifth points under "Using eBay." However, the procedural issue as to how the verification will be accomplished is just that, i.e. procedural. Common sense would likewise reflect that eBay would have to have a means to verify a user's identity. The telephonic verification requirement was simply not an essential term that had to be included in the contract for it to be valid and enforceable.

Earll next argues the forum selection clause does not encompass her civil rights claims. While Earll does not argue that the clause is too broad to be enforceable, the Court finds a limiting interpretation appropriate given the broad scope of the clause. A forum selection clause is unenforceable if it is so over broad and lacking in specificity that the clause does not reflect a meeting of the minds. *Central Ohio Graphics, Inc. v. Alco Capital Res., Inc.*, 221 Ga.App. 434, 472 S.E.2d 2 (1996). Common sense must be used in interpreting a contract. Although "any claim or dispute you may have against eBay" itself is too broad to be enforceable, giving Defendant the benefit of common sense construction, the clause must be limited to "any claim or dispute related to the use of the website." Even with that limiting interpretation, Earll's claims would still fall within the scope of the clause, as they relate to her inability to sell items on eBay's website.

Earll third argues this Court should not enforce the forum selection clause because it contravenes strong national policy. Several courts have refused to enforce forum selection clauses because they contravened the strong national policy of eradicating disability discrimination. *See Walker v. Carnival Cruise Lines*, 107 F.Supp.2d 1135, 1143–44 (N.D.Cal.2000) (citing several civil rights cases where courts refused to enforce forum selection clauses). The clause in *Walker* was invalidated because the plaintiffs' physical and economic disabilities would have deprived them of their day in court had the court enforced the forum selection clause. *Id.* at 1145–46. Earll argues litigating in California would be difficult because of her disability and because she would have to make arrangements to travel with her service animal. However, Earll does not state she would stop prosecuting her claims if this Court transferred this case to the Northern District of California. Because Earll does not contend that a transfer will prevent her from pursuing her claims, and a California court is just as equipped to eradicate disability discrimination as is this Court, the policy considerations that were present in *Walker* are not present in this case.

Earll last argues a discretionary transfer under 28 U.S.C. § 1404(a) is not appropriate. Courts consider "(1) the conven-

ience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice" in deciding whether to grant a discretionary transfer under § 1404(a). *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.1997). After considering the relevant factors, the Court finds transfer to the Northern District of California appropriate. While Earll may have some difficulty in traveling to California, the valid forum selection clause weighs heavily in favor of transfer. *See M.B. Rests., Inc.*, 183 F.3d at 752 (stating that "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause").

### CONCLUSION

The Court finds eBay's forum selection clause valid and enforceable, given the limiting interpretation discussed above. This case is hereby transferred to the United States District Court for the Northern District of California.

**IT IS SO ORDERED.**